NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

PETER J. DENGER, PETER S. DENGER and KIM MARIE JAFFE,

      Plaintiffs,

v.

JOHN L. MERRET (A/K/A/ JOHN GARY MERRITT), PETER HORVAT, GARY JOHN MERRET (JOHN L. MERRET'S SON), ELIZABETH MERRETT, JOHN O'DONNELL, SANFORD N. WEISS, STEPHEN BIEGEL and S & S BUILDING CO.,

      Defendants,

and

JOHN L. MERRETT (A/K/A JOHN GARY MERRETT) and PETER HORVAT,

Third Party Plaintiffs,
v.

SANFORD N. WEISS and S & S BUILDING CO.,

Third Party Defendants.

**OPINION**

Civ. No. 2:08-cv-03454 (WHW)

---

**Walls, Senior District Judge**

  Defendants John L. Merrett and Peter Horvat ("Defendants") move for reconsideration of this Court's August 18, 2011 Opinion and Order granting the summary judgment motion of Peter J. Denger, John S. Denger, and Kim Marie Jaffee ("Plaintiffs") and denying Defendants' cross-

1

**NOT FOR PUBLICATION**

motion for summary judgment. Plaintiffs oppose Defendants' motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. Having considered the parties' written submissions, the Court denies the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The complete facts of this case are set out at length in the summary judgment opinion and need not be repeated here. A recitation of the relevant background and procedural history, however, is in order.

Denger and Horvat formed Courtyard at Jefferson, LLC ("Courtyard") in 1997 to purchase and develop property located in Hoboken, New Jersey. Peter S. Denger Cert. ¶ 1. Denger supplied the entire sum of $925,000 to purchase the property. Id. ¶ 2. In May 1998, Denger and Horvat entered into an operating agreement with S&S Building Co. whereby S&S Building Co. obtained a 50% interest in Courtyard and Denger and Horvat each maintained a 25% interest. Pl. Ex. C, Operating Agreement; Def. Ex. A, Amended Operating Agreement.

Around November 2000, Merrett and John F. O'Donnell joined Courtyard. Def. Ex. B, Joinder Agreement. As a result, S&S Building Co. maintained its 50% interest, Denger, Horvat, and Merrett each had a 15.8% interest, and O'Donnell had a 2.6% interest. Id. Merrett and Horvat never paid Denger any money in exchange for obtaining an interest in Courtyard. Peter S. Denger Cert. ¶ 7.

In 2005, Denger's health was failing. Peter S. Denger Cert. ¶ 18. His lawyer prepared promissory notes for both Merrett and Horvat totaling $2.5 million. Id. ¶ 10. The $2.5 million dollars represented the equity value of Denger's original investment in the property. Id. Each promissory note stated that:

2

> FOR VALUE RECEIVED, the undersigned ("Borrower"), promises to pay to the order of PETER J. DENGER AND PETER S. DENGER, residing at 381 Liberty Street, Little Ferry New Jersey, the principal sum of Two Million Five Hundred Thousand and no/100 ($2,500,000) Dollars, without interest. Payment of the entire balance of this Note [$2.5 million] shall be made when the property known as Courtyard at Jefferson, 800 Jefferson Street Hoboken, New Jersey is sold by Courtyard at Jefferson, LLC, or when borrowers ownership interest in Courtyard at Jefferson, LLC currently 15.8%, is sold or otherwise transferred by Borrower, whichever occurs first.

Pl. Ex. 1, Horvat Promissory Note; Pl. Ex. 2, Merrett Promissory Note.

Merrett and Horvat each signed their respective promissory notes in July 2005. Id. On May 16, 2006, a handwritten addendum was added to Merrett's promissory note. Pl. Ex. 2, Merrett Promissory Note. The addendum laid out a payment plan in the event that condominium units were sold at Courtyard. Id. The addendum was signed by Merrett, Horvat, and Denger. Id.

Although Merrett's promissory note contained this addendum, the condominium conversion plan never occurred. Merrett Dep. 79:7 – 79:9, July 21, 2009. Instead, around October 2007, Merrett, Horvat, Denger, and O'Donnell executed a Membership Interest Purchase Agreement ("MIPA") for S&S Building Co. to purchase the remaining 50% interest in Courtyard. Second Am. Compl. ¶ 31.

On September 27, 2008, Denger died without having received any money from Merrett or Horvat in satisfaction of their respective promissory notes. Peter S. Denger Cert. ¶ 15; Comp. ¶ 19. Peter S. Denger, Denger's son, filed suit against Horvat and Merrett and, on May 27, 2011, sought summary judgment to enforce both promissory notes. Dkt. 73. On June 15, 2011, Defendants opposed this motion and filed a cross-motion for summary judgment to declare the notes unenforceable as a matter of law. Dkt. 78. Defendants argued that the notes were

**NOT FOR PUBLICATION**

unenforceable because (1) there was no consideration for the promissory notes and (2) the MIPA contained a superseding clause that rendered the promissory notes void.

On August 18, 2011, this Court granted Plaintiffs' motion for summary judgment and denied Defendants' cross-motion for summary judgment. Dkt. 84. The Court found that the promissory notes were enforceable against Defendants because (1) the notes memorialized an antecedent obligation by Defendants to repay Denger for his initial investment in Courtyard and did not require any new consideration and (2) the superseding clause of the MIPA did not apply to the promissory notes.

On September 2, 2011, Defendants moved for reconsideration of the Court's August 18, 2011 Opinion and Order. Dkt. 94. Plaintiffs opposed the motion for reconsideration on September 8, 2011.

## STANDARD OF REVIEW

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge. . . has overlooked." L. Civ. R. 7.1(i) (as amended by Order of Chief Judge Garrett E. Brown, March 1, 2010). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A

party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). Reconsideration will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly" and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. Yurecko v. Port Auth. Trans-Hudson Corp. 279 F. Supp. 2d 606, 608-609 (D.N.J. 2003); NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

Defendants argue that the Court should reconsider and vacate its August 18, 2011 Order granting summary judgment in favor of Plaintiffs on the grounds that the Court overlooked certain factual information and that there is an issue of fact as to (1) whether there was consideration for the promissory notes and (2) whether Denger has already been paid in full for the amount owed to him under the promissory notes.

First, Defendants seek to reargue the issue of whether there was sufficient consideration for the promissory notes. The Court considered this issue in its August 18, 2011 Opinion and

found that the promissory notes memorialized an antecedent obligation by Defendants to repay Denger for his initial investment in Courtyard and, as such, the promissory notes did not require new consideration. Defendants' disagreement with the Court's decision is not a valid basis for reconsideration. See Geatti v. AT & T, 232 Fed.Appx,. 101, 104 (3d Cir. 2007) ("Appellant's disagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration."); Claycomb v. Playtex, 363 Fed.Appx. 152, 153 (3d Cir. 2010) ("mere disagreement with the outcome of the District Court's opinion is not the proper basis for granting a motion for reconsideration.").

Second, Defendants seek to reargue the issue of whether the promissory notes are enforceable under the new theory that the notes were conditioned upon the occurrence of a condominium conversion. This argument fails for two reasons. First, Defendants are barred from raising this argument because it was not presented to the Court with their original motion for summary judgment. Second, even if Defendants had raised the argument in a timely manner, it is without merit, as the promissory notes and the addendum contemplate that the obligation to pay Denger would occur *either* upon the transfer or sale of the borrowers' (i.e. Defendants') property interest *or*, pursuant to the addendum, the conversion of Courtyard into a condominium unit. Since Defendants' interest in Courtyard was sold in October 2007 to S&S Buildings Corp., the obligations of the borrowers memorialized in the promissory notes became due.

Third, Defendants present the new argument that Denger has already been paid in full for the amounts owed to him under the promissory notes. Defendants assert that the Court overlooked two payments that Denger received in the amounts of $375,000.00 and $750,000.00 in connection with the construction of a 160-unit apartment complex on Courtyard. John Merrett Cert. ¶ 14-17. The only mention of these payments is in the Certification of John Merrett, which

**NOT FOR PUBLICATION**

was submitted with the Defendants' cross-motion for summary judgment. Plaintiffs denied that Denger received these two payments. Peter S. Denger Suppl. Cert. ¶ 4-5. See also Peter S. Denger Cert. ¶ 14 ("At no time have the promissory notes…been satisfied.").

Defendants never discussed these payments in their brief for summary judgment. Even though Plaintiffs specifically stated in their summary judgment motion that Denger was never reimbursed for his initial investment in Courtyard, Defendants never argued that these alleged payments of $375,000.00 and $750,000.00 were meant to reimburse Denger for the amount he was owed under the promissory notes. Instead, Defendants argued that the promissory notes were not enforceable because they were not accompanied by new consideration and because its terms were superseded later by MIPA.

Defendants are barred from putting forth the new argument that Denger has already been reimbursed for the payments due to him under the promissory notes. New arguments that could have been raised in Defendants' original motion are inappropriate grounds for reconsideration. Mondelli v. Delzotti, 2011 WL 2517254, at *3 (D.N.J., 2011); Lopez v. Correctional Medical Services, 2010 WL 3881212, at *2 (D.N.J. 2010); Bapu Corp. v. Choice Hotels Intern., Inc., 2010 WL 5418972, at *2 (D.N.J. 2010); Nuckel v. Borough of Little Ferry Planning Bd., 2005 WL 3196583, at *4 (N.J.Super.A.D. 2005) ("New theories of liability or defense are an improper basis for a motion for reconsideration"). The alleged fact that Denger received two payments in early 2007 that were meant to reimburse him for the obligations due to him under the promissory notes was known by Defendants when they filed their original cross-motion for summary judgment and should have been included in their brief.

Defendants do not base their request on a change in the law, newly discovered evidence, or clear legal error by the Court. Defendants' motion for reconsideration did not address the

**NOT FOR PUBLICATION**

standard for reconsideration, regurgitated arguments made in their original motion for summary judgment, and improperly presented new arguments. Defendants could have asked the Court to consider whether the amounts owed to Denger under the promissory notes were already paid to him in their original summary judgment papers but chose not to do so. A motion for reconsideration is not the proper time to raise this alternative argument before the Court.

## CONCLUSION

Defendants motion for reconsideration is denied.

November 16, 2011

/s/ William H. Walls
United States Senior District Judge